Curia, per

O’Neall, J.
In this case we concur in the instructions given by the Judge below to the jury. There is in every assault and battery a public offence and a civil injury. The compensation of the latter has always been encouraged by the imposition of a much less punishment, where it has been made, than would have been otherwise done. Indeed, it is not regarded as of any great importance to the public, that common assaults and batteries should be severely punished. It is generally supposed, if the parties be reconciled, and compensation to the party inj ured is made, that all the ends of justice havé been answered. If, therefore, the defendant was liable to answer for the injury which the plaintiff sustained, he will be regarded as making his note the measure of damages ; and hence it could not be assailed as in the whole or in part resting on an illegal consideration. The jury have found that the defendant was answerable for the assault and battery, and according to the rule stated, his note must be sustained. The three cases previously decided in this State on this subject, I regard as perfectly reconcilable with each other, and as sustaining the rule laid down in this case. In Corley vs. Williams, 1 Bail. 588, the indictment was against Kirksey, for an assault and battery. The defendants were his securities ; he absconded. To compromise the matter, and stop the prosecution, they gave their notes for $25 each, and the magistrate gave up their recognizance. It was held that the whole consideration of the notes then was to stop the prosecution, and therefore illegal. This was the only view which could be taken of that case, for the defendants were in no shape liable for the civil injury; they Were alone connected with the criminal prosecution. So *358 in Hearst vs. Sybert, Chev. 177, the note was given by a third person to a mother, for an assault and battery on her child, where there was no allegation that the battery was so enormous as to deprive her of his services, and where it was given to prevent a prosecution, it was held that the note could not be recovered, because the mother had no right of action for such an assault and battery on her child. This was placing the defendant’s exemption from liability on the ground that there was no consideration, not that it was illegal. In Mathison & Kingsley vs. Hanks, 2 Hill, 625, the defence was, that the note was given in satisfaction of an an assault and battery committed by the defendant; it was held that it was a good consideration. This case settled, as' I conceive, the rule that where the defendant is liable for the assault' and battery, a note given by him to settle it is founded on a legal consideration. The motion is dismissed.
Richardson, Evans, Earle, and Butler, JJ., concurred.